IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CRP II – MIRAMAR, LLC,

     Appellant,

v.

THE FRENCH QUARTERS
CONDOMINIUM OWNER'S
ASSOCIATION, INC., a not-for-
profit corporation,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2504

Opinion filed November 2, 2016.

An appeal from the Circuit Court for Okaloosa County.
William F. Stone, Judge.

Samuel B. Taylor of Samuel B. Taylor, P.A., Destin, for Appellant.

D. Michael Chesser and Tara A. Hagan of Chesser & Barr, P.A., Shalimar, for Appellee.


WINSOR, J.

This appeal involves two coastal condominium projects and an agreement between their owners. Miramar Enterprises of FWB, Inc. (Miramar), was developing a new phase of its mixed-use development. French Development, Inc.

(French), owned an adjacent property. The two entities entered into an "Easement and Maintenance Agreement," in which Miramar agreed to construct on its property a swimming pool and other improvements that both properties' residents could use. In return, French agreed to share maintenance costs of those improvements. The agreement explicitly stated that "[t]he Easements, duties and obligations herein granted and assigned, shall be deemed to be covenants appurtenant to and to run with the ownership of the [properties] and their respective heirs, successors and assigns." The parties also agreed to assign their rights and obligations under the agreement to their respective homeowners' associations.

The pool and related improvements never came to be. Miramar notified French that it could not construct them because of "[m]arket conditions, financing conditions, and contractor issues." French's successor in interest, the appellee homeowner association, sued Miramar. While that litigation was pending, Miramar gave up the property through a deed in lieu of foreclosure, and the new owner— CRP II–Miramar LLC (CRP II), the appellant here—was joined as a defendant.

The operative complaint presented two counts. The first sought a declaration that the agreement constituted a covenant running with the land, meaning it bound CRP II as the new owner. The second count alleged that CRP II and Miramar breached the agreement by failing to build the pool and other amenities. CRP II

2

asserted several defenses, including that the agreement was not a covenant running with the land, meaning that as the new owner it had no obligation to perform.

The trial court granted partial summary judgment as to the first count, concluding that the agreement was a covenant running with the land and bound CRP II. The court never reached the breach of agreement count, which the plaintiff voluntarily dismissed. Therefore, the only matter before this court is the trial court's declaration that the agreement ran with the land. Nonetheless, CRP II fills much of its briefs with arguments about whether the doctrines of frustration of purpose or impracticability apply and whether the agreement "should be voided because of materially changed circumstances." It also faults the trial court for "fail[ing] to recognize that it is the unforgiving marketplace that rules real estate development." Perhaps those issues relate to a breach of contract claim—an issue we do not address here—but they do not factor into whether the trial court was wrong in declaring that the covenant ran with the land. As to the issue before us, we find no error.

AFFIRMED.

WOLF and WINOKUR, JJ., CONCUR.